CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

January 03, 2025

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JOSHUA ADAM HURLEY,** | ) |
| Plaintiff, | ) Case No. 7:24-cv-00436 |
| | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| **DEPUTY L. BREWER, et al.,** | ) Senior United States District Judge |
| Defendants. | ) |

## ORDER

Joshua Adam Hurley, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that officers with he Wythe County Sheriff's Office and the Wytheville Police Department violated his constitutional rights during the course of his arrest. The case is presently before the court on the plaintiff's motion requesting assistance in obtaining Suboxone and other medications at the New River Valley Regional Jail, which the court construes as a motion for preliminary injunctive relief. ECF No. 18. For the following reasons, the motion is **DENIED**.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac.

Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, 111 F.3d at 16.

Applying these principles, the court concludes that Hurley's motion for preliminary injunctive relief must be denied. The motion does not address any of the requirements set forth in Winter or seek to prevent harm caused by the conduct asserted in the underlying complaint. Instead, the motion seeks relief based on entirely new allegations of being denied access to medications previously prescribed by a physician. Even if the new allegations are true, they do not provide a basis for preliminary injunctive relief in this action against the law enforcement officers allegedly involved in Hurley's arrest. See Pac. Radiation Oncology, LLC, 810 F.3d at 636 (explaining that "new assertions of misconduct . . . do not support preliminary injunctions unrelated to the conduct asserted in the underlying complaint").

For these reasons, it is hereby **ORDERED** that Hurley's motion, ECF No. 18, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 20:13:58
-05'00'

Michael F. Urbanski
Senior United States District Judge

2