CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 20, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA ADAM HURLEY, ) | |
|     Plaintiff, ) | Case No. 7:24-cv-00436 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| DEPUTY L. BREWER, et al., ) | Senior United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Joshua Adam Hurley, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against three law enforcement officers with the Wythe County Sheriff's Office ("WCSO"), Deputy L. Brewer, Corporal C. Dunford, and Sergeant J. Carter, and two law enforcement officers with the Town of Wytheville Police Department ("WPD"), K.T. Blaine Grubb and Jerrod M. Sadler. Hurley claims that the defendants used excessive force in effecting his arrest on March 2, 2024. The case is presently before the court on the defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 59 and 65. For the reasons set forth below, the motions are **DENIED**.

### I. Background

The following factual allegations are taken from the amended complaint and additional written materials filed by Hurley.* See Holley v. Combs, 134 F.4th 142, 144 (4th Cir. 2025) ("In order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any

---

* After filing the complaint, Hurley submitted two USB flash drives containing video footage recorded on the night of his arrest. The court declines to consider the video footage in ruling on the pending motions to dismiss.

additional materials filed by the plaintiff.") (internal quotation marks and brackets omitted). The factual allegations are accepted as true for purposes of ruling on the defendants' motions. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

On the night of March 2, 2024, law enforcement officers, including the defendants, were dispatched to an unidentified location in Wythe County, Virginia, where Hurley had climbed on the roof of a building. Pl.'s Decl., ECF No. 8, at 1. After the officers arrived, Hurley "kept [his] hands up" and asked the officers to allow him to come down from the roof on his own, but "law enforcement declined." Id.; see also Pl.'s Resp. Opp'n Mot. Dismiss, ECF No. 68, at 1 (alleging that defendant Grubb denied his "request to come down off roof at the safest location before arrest even had to take place, [which] was on the roof, the same location where WCSO and WPD entered the roof"). Likewise, after a local fire department arrived on the scene with "proper safety equipment . . . for exiting the location," including a ladder, the defendants refused to allow Hurley to use the equipment to exit the roof. Pl.'s Resp. Mot. Dismiss, EFC No. 70, at 1. Instead, the defendants climbed on the roof themselves and forcefully arrested Hurley. Id.; see also Am. Compl., ECF No. 22, at 4.

Hurley has identified a number of actions allegedly taken by the defendants during the course of the arrest. He alleges that Sergeant Carter held an "assault rifle" under his chin and then kneed him in the back, forcing his face to bounce off the roof of the building. Pl.'s Resp. Mot. Dismiss, ECF No. 70 at 1–2. He alleges that defendants slammed him on the roof and kneed him in chest. Pl.'s Decl., ECF No. 8, at 1. He further alleges that Officer Grubb, Deputy Brewer, and Corporal Dunford held him down with their knees on his back and that Officer Sadler tased him two or three times at close range. Pl.'s Resp. Mot. Dismiss, ECF No. 70, at 4; see also Pl.'s Decl., ECF No. 8, at 1; Am. Compl., ECF No. 22, at 4. Hurley has submitted

2

photographs of blood on his face and legs, EF No. 35, and he alleges that he suffered broken ribs and "internal damage" as a result of the defendants' actions. See Pl.'s Decl., ECF No. 8, at 1; Pl.'s Resp. Opp'n Mot. Dismiss, ECF No. 70, at 4.

Court records available online indicate that Hurley was charged with several offenses based on events that occurred on March 2, 2024, including public intoxication, disorderly conduct, assault on a law enforcement officer, and resisting arrest. See Commonwealth v. Hurley, Nos. CR24000301, 24000302 (Wythe County Cir. Ct.), available at https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (last accessed June 17, 2025). Those charges remain pending, and Hurley has denied breaking "any laws in the Commonwealth of Virginia." Pl.'s Decl., ECF No. 8, at 1.

Hurley commenced this action by filing a form complaint under 42 U.S.C. § 1983. In his amended complaint, Hurley claims that the defendants used constitutionally excessive force in the course of arresting him.

## II. Standard of Review

Rule 12(b)(6) permits defendants to seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While "detailed factual allegations" are not required, "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Washington v. Hous. Auth. of the City of Columbia, 58 F.4th 170, 177 (4th Cir. 2023) (noting

that "the chance of success need not be particularly high" to survive a motion to dismiss and that a plaintiff fails to satisfy the applicable pleading standard "when he offers labels and conclusions or formulaically recites the elements of his § 1983 cause of action") (internal quotation marks omitted).

When evaluating whether a complaint states a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff." Wilcox v. Brown, 877 F.3d 161, 166–67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." Id. For this reason, the court may consider other materials submitted by a pro se plaintiff when deciding whether the plaintiff has stated a plausible claim for relief. See Holley, 134 F.4th at 144.

### III.  Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

"The Fourth Amendment bars police officers from using excessive force to effectuate a seizure [or arrest]." Yates v. Terry, 817 F.3d 877, 884 (4th Cir. 2016) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)). Courts apply an "objective reasonableness standard" in

evaluating Fourth Amendment claims of excessive force. Graham, 490 U.S. at 388 (internal quotation marks omitted). The "proper application" of this standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. "The extent of the plaintiff's injury is also a relevant consideration." Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003). "The operative question in excessive force cases is whether the totality of the circumstances justifies a particular sort of . . . seizure." County of Los Angeles v. Mendez, 581 U.S. 420, 427 (2017) (internal quotation marks and brackets omitted). "[T]he 'totality of the circumstances' inquiry has no time limit," and courts must consider "any relevant events coming before" the use of force. Barnes v. Felix, 605 U.S. ___, 145 S. Ct. 1353, 1358, 1360 (2025).

Viewing the factual allegations in the light most favorable to Hurley, the court concludes that he has plausibly alleged that the defendants used excessive force in violation of the Fourth Amendment. Hurley's filings indicate that he had not committed any serious or violent crime at the time he encountered the defendants on March 2, 2024, and that the "[w]hole reason" the defendants were present was the fact that he had climbed on the roof of a building. Pl.'s Decl., ECF No. 8, at 1. Nonetheless, the defendants would not let Hurley exit the roof himself, even after a fire department arrived with a ladder and even though he held his hands in the air to show that he was not a threat. Instead, the defendants climbed on the roof themselves and used force on Hurley by holding him at gunpoint, slamming him down, kneeing him in the back, and tasing him at close range as he was restrained by the weight of three officers, resulting in broken ribs and other injuries. These factual allegations, which must

5

be accepted as true at this stage of the proceedings, give rise to a plausible inference that the defendants' actions were objectively unreasonable under the circumstances. See, e.g., Wright v. City of Euclid, 962 F.3d 852, 870 (6th Cir. 2020) (recognizing that "pointing a gun at an individual can constitute excessive force under the Fourth Amendment"); Brooks v. Johnson, 924 F.3d 104, 118 n.5 (4th Cir. 2019) (noting that "because a taser deployment is such a serious use of force, a police officer ordinarily may use a taser against a suspect only in 'a situation in which a reasonable officer would perceive some danger,' and not to compel compliance with police commands") (quoting Estate of Armstrong v. Village of Pinehurst, 810 F.3d 892, 903 (4th Cir. 2016)). Accordingly, Hurley's amended complaint, as supplemented by his other filings, states a viable claim of excessive force against the defendants.

## Conclusion

For the reasons stated, the defendants' motions to dismiss, ECF Nos. 59 and 65, are **DENIED**. An appropriate order will be entered.

Entered: June 18, 2025

Michael F. Urbanski
U.S. District Judge
2025.06.18 17:40:29
-04'00'

Michael F. Urbanski
Senior United States District Judge